# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CAREEN MORENO,   CASE NO.:

    Plaintiff,

Vs.

CITY OF ORLANDO, a
municipal corporation and
OFFICER PETER CADIZ, Badge #12277
in his individual capacity and OFFICER REBEKAH
MATVIAK, Badge #34418 in her individual capacity,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** the Plaintiff, CAREEN MORENO (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel sues Defendants', CITY OF ORLANDO, a municipal corporation (hereinafter referred to as "Defendant CITY"); Officer REBEKAH MATVIAK, Badge No. 34418, (herein after referred to as "Defendant MATVIAK") and Officer PETER CADIZ, Badge No. 12277, (herein after referred to as "Defendant, CADIZ") and herein requests judgment of this court declaring unconstitutional and unlawful certain actions of the Defendants', which resulted in Plaintiff being deprived of her constitutional rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution as well as

other civil rights guaranteed to her under federal and state law, and seeks damages from Defendants' as compensation for the deprivation of her constitutional rights and other rights guaranteed under federal and state law, for an award of attorney's fees and authorized by law, all reasonable costs of this actions, and for any other further relief that this Court deems just and proper.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. This Court has concurrent jurisdiction for the pendant state law claims that arise out of Orange, County Florida and within the city limits of Orlando, Florida.

4. Pursuant to Fla. Stat. §768.28(6)(a), Plaintiff notified Defendant, the CITY of her claims on October 12, 2020, which is six months or more prior to filing of this action and said claims were not resolved.  Plaintiff has fully complied with Fla. Stat. §768.28(6)(a), by serving notice of the claim on

      the Florida Department of Financial Services; Orlando Police Department; and the City of Orlando.

5. All condition precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

6. On information and belief, it is alleged that each of the named Defendants resides or are a corporation conducting business in this judicial district, with at least one defendant residing within the City of Orlando.

## **PARTIES**

7. Plaintiff is presently a resident of Orange County, Florida and at all material times herein was a resident of said county.

8. Defendant, CITY OF ORLANDO, is a municipal corporation (hereinafter referred to as "CITY"), situated in Orange County, Florida and through its law enforcement agency, the ORLANDO POLICE DEPARTMENT (hereinafter OPD) is responsible for the policies and conduct of its officers including the Defendants', CADIZ and MATVIAK.

9. Defendant, CADIZ, is a police officer who is employed by the Orlando Police Department and the Defendant, CITY; is over the age of eighteen (18) and on information and belief is a resident in or is employed in Orlando, Florida and is being sued in his individual capacity.

10. Defendant, MATVIAK, is a police officer who is employed by the Orlando Police Department and the Defendant, CITY; is over the age of eighteen (18) and on information and belief is a resident in or is employed in Orlando, Florida and is being sued in her individual capacity

11. The Orlando Police Department is the law enforcement agency for the CITY and is responsible for enforcing laws within the corporate city limits of Orlando, Florida.

## GENERAL ALLEGATIONS

12. Plaintiff, MORENO a 39 year old female weighing 130 pounds and standing at 5 feet 5 inches tall on June 30, 2020 was peacefully protesting in Downtown Orlando and while marching with a group of protestors from City Hall to Colonial Drive she was surrounded by police officers from the City of Orlando Police Department.

13. The purpose of the City of Orlando Police Officers surrounder MORENO nd the protestors was to prevent them from leaving the designated downtown area which was zone for an 8pm curfew.

14. The City of Orlando Police Officers were intentionally created a barricade to prevent protestors from leaving the area so they could arrest for curfew violations even though protestors were leaving before the curfew expired.

15. CADIZ and MATVIAK were among the officers working for the City of Orlando Police Department preventing the protestors from leaving the area.

16. CADIZ an officer with the bike unit cut off the MORENO then jumped offed his bike and tackled MORENO to the ground.

17. The result of CADIZ jumping off of his bike and onto to MORENO and taking her down and driving MORENO'S face into the ground was a broken nose.

18. MORENO was leaving the area and expressing her right to free speech while walking when for no reason CADIZ jumped on her.

19. MORENO was thereafter arrested by CADIZ and MATVIAK for disorderly conduct.

20. MORENO felt the excruciating pain immediately after being taken down and inquired to CADIZ whether her nose was bleading and was told it was just scratched but then she felt and saw the blood coming down from her nose.

21. CADIZ tried to downplay and minimize the injuries he caused to MORENO'S nose when he knew he caused severe injuries to her nose.

22. CADIZ name was completed omitted from MORENO'S arrest report.

23. MORENO had to post a $500 bond to get out of jail.

## **GENERAL ALLEGATIONS RELATING TO CIVIL RIGHTS VIOLATIONS**

24. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-23 of this Complaint.

25. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to the right to be free from excessive use of force by persons acting under color of state law.

26. As a direct and proximate result of the violation of plaintiff's constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

27. The conduct of Defendant, Officers, CADIZ and MATVIAK was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

28. The conduct of Defendant, Officers, CADIZ and MATVIAK was the result of improper training and the City of Orlando Policy and Procedures.

29. The City of Orlando has been put on notice about these policies and procedures which clearly violate citizens' constitutional rights and have failed to take action in ridding the City of Orlando Police Department of these unconstitutional procedures.

30. Some of the prior cases in which these same circumstances have occurred are *Tate v. The City of Orlando, et al.,* 6:13-cv-00072-CEH-KRS (Middle Dist. Of Florida 2013); *Montanez v. The City of Orlando, et al.,* 6:14-cv-00622-ACC-TBS (Middle Dist. Of Florida 2014); *Daley v. The City of Orlando et al.,* 6:11-cv-00758-JA-TBS (Middle

Dist. Of Florida 2011); *Hazleton v. City of Orlando, et al.,* 6:10-cv-00342-CEH-DAB (Middle Dist. Of Florida 2010) ; *Chaney v. City of Orlando, et al.,* 6:04-cv-00515-ACC-KRS (Middle Dist. Of Florida 2006); and *Holloway v. City of Orlando, et al.,* 6:15-cv-129-ORL-40GJK (Middle Dist. Of Florida 2016)

## CAUSES OF ACTION

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT I:  42 U.S.C. § 1983
### EXCESSIVE FORCE
(Plaintiff, CAREEN MORENO claim against Defendant, CADIZ)

31. COMES NOW, Plaintiff, by and through his undersigned counsel, and sues Defendant CADIZ, in his individual capacity and in support thereof, states as follows:

32. Plaintiff realleges the allegations contained in paragraphs 1 through 30, as if fully set forth herein.

33. Plaintiff has the right under the United States Constitution to be free from the use of excessive force when officers effectuate an arrest.

34. The actions of Defendant, CADIZ amount to deliberate indifference to the rights of the Plaintiff to be free of excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

35. Defendant, CADIZ attacked the Plaintiff during the course of an arrest in in which CADIZ jumped on MORENO without warning flying from his bike and pumeling MORENO who was 130 pounds and driving her face into street.

36. Defendant, CADIZ, acted with deliberate indifference to the Plaintiff's  rights and as a direct and proximate result of the violation of his constitutional right to be free from

the use of excessive force during an arrest, the Plaintiff suffered serious personal injuries and is entitled to relief under 42 U.S.C. §1983. These include but are not limited to: physical inconvenience, physical scarring, pain and suffering, emotional damage, damage to his reputation, mental suffering and anguish, and all other damages associated with excessive force used against the Plaintiff.

37. Plaintiff has retained the undersigned counsel to bring this actions under 42 U.S.C. §1983 and is entitled to recover from Defendant, CADIZ a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, CAREEN MORENO, prays for damages against Defendant, CADIZ in his individual capacity, and an award of Plaintiff's attorney's fees. In addition, Plaintiff requests punitive damages against Defendant, CADIZ, in his individual capacity, for his conduct, which would deter him from such tortious conduct in the future.

**COUNT II – 42 U.S.C. §1983**
**FALSE ARREST AND UNREASONABLE SEIZURE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS**
(Plaintiff, CAREEN MORENO claim against Defendant, CADIZ)

38. This is an action for violation of civil rights under 42 U.S.C. § 1983 against Defendant, CADIZ.

39. COMES NOW, Plaintiff, by and through his undersigned counsel, and sues Defendant, CADIZ, in his individual capacity and in support thereof, states as follows:

40. Plaintiff realleges the allegations contained in paragraphs 1 through 30, as if fully set forth herein.

41. Plaintiff has the right under the United States Constitution to be free from unreasonable seizures, which include arrests without probable cause and arrest without a warrant or warrant exception.

42. On or about June 3, 2020, Defendant, CADIZ, acting in his individual capacity while employed by the City of Orlando Pollice Department, deprived Plaintiff of her rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that Plaintiff was arrested without probable cause and Plaintiff was arrested for allegedly committing a violation of law, without a warrant, and without a warrant exception.

43. Defendant, CADIZ had no legal right to detain, handcuff (seize) or arrest Plaintiff.

44. In committing the acts complained of herein, Defendant, CADIZ acted in his individual capacity by falsely arresting and detaining the Plaintiff with no basis in fact or law to do so. In violating Plaintiff's right to be free from false arrest, Defendant, CADIZ violated Plantiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

45. Defendant, CADIZ took the actions complained of in this complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights of the Plaintiff.

46. As a direct and proximate result of the violation of his constitutional right to be free from false arrest by Defendant, CADIZ the Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983. These damages include but are not limited to: physical inconvenience, physical scarring, pain and suffering, emotional damage, mental suffering and anguish, damage suffered to reputation, and all other damages associated with Plantiff's arrest.

47. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant, CADIZ a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for damages against CADIZ in his individual capacity, and an award of Plaintiff's attorney's fees. In addition, Plaintiff requests punitive damages against cadiz, for his conduct, which would deter CADIZ from such tortious conduct in the future.

## COUNT III – 42 U.S.C. §1983
## FALSE ARREST AND UNREASONABLE SEIZURE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS
(Plaintiff, CAREEN MORENO claim against Defendant, MATVIAK)

48. This is an action for violation of civil rights under 42 U.S.C. § 1983 against Defendant, MATVIAK.

49. COMES NOW, Plaintiff, by and through his undersigned counsel, and sues Defendant, MATVIAK, in her individual capacity and in support thereof, states as follows:

50. Plaintiff realleges the allegations contained in paragraphs 1 through 30, as if fully set forth herein.

51. Plaintiff has the right under the United States Constitution to be free from unreasonable seizures, which include arrests without probable cause and arrest without a warrant or warrant exception.

52. On or about June 3, 2020, Defendant, MATVIAK, acting in her individual capacity while employed by the City of Orlando Pollice Department, deprived Plaintiff of her rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that Plaintiff was arrested without probable cause and Plaintiff was arrested for allegedly committing a violation of law, without a warrant, and without a warrant exception.

53. Defendant, MATVIAK had no legal right to detain, handcuff (seize) or arrest Plaintiff.

54. In committing the acts complained of herein, Defendant, MATVIAK acted in her individual capacity by falsely arresting and detaining the Plaintiff with no basis in fact

or law to do so. In violating Plaintiff's right to be free from false arrest, Defendant, MATVIAK violated Plantiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

55. Defendant, MATVIAK took the actions complained of in this complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights of the Plaintiff.

56. As a direct and proximate result of the violation of his constitutional right to be free from false arrest by Defendant, MATVIAK the Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983. These damages include but are not limited to: physical inconvenience, physical scarring, pain and suffering, emotional damage, mental suffering and anguish, damage suffered to reputation, and all other damages associated with Plaintiff's arrest.

57. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant, MATVIAK a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for damages against MATVIAK in her individual capacity, and an award of Plaintiff's attorney's fees. In addition, Plaintiff requests punitive damages against MATVIAK, for her conduct, which would deter MATVIAK from such tortious conduct in the future.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
## POLICY, PRACTICE OR PROCEDURE
(CAREEN MORENO claim against the City of Orlando Florida)

58. Plaintiffs realleges and incorporate herein by reference the allegations set forth in paragraphs 1 through 30 of this Complaint.

59. Defendant, CITY, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing employees of the OPD to unlawfully arrest suspects and use excessive force when executing the arrest.

60. The conduct of Defendant, Officers, CADIZ and MATVIAK was the result of improper training and the City of Orlando Policies and Procedures.

61. The City of Orlando has been put on notice about these policies and procedures which clearly violate a suspect's constitutional rights and have failed to take action in ridding the City of Orlando Police Department of these unconstitutional procedures.

62. Some of the prior cases in which these same circumstances have occurred are *Tate v. The City of Orlando, et al.,* 6:13-cv-00072-CEH-KRS (Middle Dist. Of Florida 2013); *Montanez v. The City of Orlando, et al.,* 6:14-cv-00622-ACC-TBS (Middle Dist. Of Florida 2014); *Daley v. The City of Orlando et al.,* 6:11-cv-00758-JA-TBS (Middle Dist. Of Florida 2011); *Hazleton v. City of Orlando, et al.,* 6:10-cv-00342-CEH-DAB (Middle Dist. Of Florida 2010); *Chaney v. City of Orlando, et al.,* 6:04-cv-00515-ACC-KRS (Middle Dist. Of Florida 2006) and *Holloway v. City of Orlando, et al.,* 6:15-cv-129-ORL-40GJK (Middle Dist. Of Florida 2016)

63. Defendant, CITY implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing employees of OPD to file police reports omitting their use of excessive force in attempt to conceal it from the public.

64. The failure of the CITY to adequately train and supervise the Defendants CADIZ and MATVIAK, amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

65. As a result of this deliberate indifference to Plaintiff's rights, Plaintiff suffered personal and physical injuries and is entitled to relief under 42 U.S.C. §1983.

66. In committing the acts complained of herein, CITY acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from the use of excessive force by persons acting under color of state law.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, CITY, exemplary damages, costs of this action, and such other and further relief as the Court deems appropriate.

## STATE LAW CLAIM

### COUNT V
### BATTERY
(Plaintiff, CAREEN MORENO claim against Defendant, CADIZ)

67. Plaintiff re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 30 of this Complaint.

68. Plaintiff avers that the actions of the Defendant breached a duty of care owed to Plaintiff to not cause her physical harm or injury, except to the extent allowed by law.

69. Plaintiff avers that the Defendants knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff. Defendant, CADIZ intentionally attacked the

Plaintiff during the course of her arrest in which CADIZ jumped on the Plaintiffs back without warning and without Plaintiffs permission and caused injury to Plaintiffs nose.

70. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff suffered and will continue to suffer in the future, physical inconvenience emotional damage, damage to her reputation, and expenses incurred as a result of the battery.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT VI
## FALSE IMPRISONMENT
(Plaintiff, MORENO claim against Defendant, CADIZ)

71. COMES NOW, Plaintiff, by and through his undersigned counsel, and sues Defendant, CADIZ, in his individual and official capacity and in support thereof, states as follows:

72. Plaintiff re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 30 of this Complaint.

73. That the Plaintiff was falsely imprisoned by CADIZ for no apparent reason and without provocation.

74. That the Plaintiff was further falsely imprisoned by the CADIZ when she was unlawfully arrested without probable cause for Disorderly Conduct a misdemeanor.

75. That the criminal proceeding based upon the arrest was terminated in the Plaintiff's favor, where the State Attorney's Office for the 9th Judicial Circuit declined to prosecute and file charges on the case.

76. Plaintiff avers that the Defendant breached a duty of care owed to Plaintiff's, so as not to deprive her of her personal liberty, by intentionally restraining or detaining Plaintiff without probable cause in violation of Fla. Stat. §§ 901.15 and 901.151.

77. Plantiff avers that the Defendant, without probable cause, wrongfully and unlawfully detained and restrained the Plaintiff against her will.

78. Plaintiff avers that the Defendant is liable to her for false imprisonment.

79. As a direct and proximate result of the false imprisonment by the Defendant, Plaintiff suffered and will continue to suffer in the future, physical inconvenience, physical scarring, medical expenses, emotional damage, damage to her reputation, and expenses incurred as a result of unlawful detainment.

WHEREFORE, the Plantiff demands judgment for damages against Defendant Cadiz including damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT VII
## FALSE IMPRISONMENT
(Plaintiff, MORENO claim against Defendant, MATVIAK)

80. COMES NOW, Plaintiff, by and through his undersigned counsel, and sues Defendant, MATVIAK, in her individual and official capacity and in support thereof, states as follows:

81. Plaintiff re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 30 of this Complaint.

82. That the Plaintiff was falsely imprisoned by MATVIAK for no apparent reason and without provocation.

83. That the Plaintiff was further falsely imprisoned by the MATVIAK when she was unlawfully arrested without probable cause for Disorderly Conduct a misdemeanor.

84. That the criminal proceeding based upon the arrest was terminated in the Plaintiff's favor, where the State Attorney's Office for the 9th Judicial Circuit declined to prosecute and file charges on the case.

85. Plaintiff avers that the Defendant breached a duty of care owed to Plaintiff's, so as not to deprive her of her personal liberty, by intentionally restraining or detaining Plaintiff without probable cause in violation of Fla. Stat. §§ 901.15 and 901.151.

86. Plantiff avers that the Defendant, without probable cause, wrongfully and unlawfully detained and restrained the Plaintiff against her will.

87. Plaintiff avers that the Defendant is liable to her for false imprisonment.

88. As a direct and proximate result of the false imprisonment by the Defendant, Plaintiff suffered and will continue to suffer in the future, physical inconvenience, physical scarring, medical expenses, emotional damage, damage to her reputation, and expenses incurred as a result of unlawful detainment.

WHEREFORE, the Plantiff demands judgment for damages against Defendant MATVIAK including damages, cost of this action, and such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 12th day of December, 2023.

/s/ Carlus Haynes

**CARLUS L. HAYNES, ESQUIRE**
Florida Bar Number: 0935611
8615 Commodity Circle Unit 6
Orlando, Florida 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
Email: champ@fighting4ulaw.com
Attorney for PLAINTIFF