# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CAREEN MORENO,

    Plaintiff,

v.                                                                                              Case No:   6:23-cv-2385-ACC-LHP

CITY OF ORLANDO, PETER CADIZ
and REBEKAH MATVIAK,

    Defendants

---

## ORDER

Before the Court is Plaintiff's Motion for Sanctions and Attorney Fees for Failure to Timely Serve Rule 26 Notice and Disclosures.  Doc. No. 42.  Defendants have responded.  Doc. No. 43.  Upon consideration, the motion is due to be **DENIED** in its entirety.

By way of background, discovery opened in this case on February 29, 2024. *See* Fed. R. Civ. P. 26(d)(1); Doc. No. 14, at 1.  Discovery closed on May 1, 2025, and the deadline for the parties to serve their initial disclosures expired on April 29, 2024.  Doc. No. 17, at 1.  According to the present motion, which was filed one day before the close of discovery, Plaintiff states that she served her initial disclosures on Defendants on March 29, 2024, however Defendants did not serve their initial

disclosures by the April 29, 2024 deadline. Doc. No. 42; *see also* Doc. No. 42-1. But Plaintiff did not notice Defendants' failure until sometime after receipt of the Court's April 29, 2025 Order denying Plaintiff's request to extend the discovery deadline. Doc. No. 42, at 2; *see also* Doc. No. 41. In other words, Plaintiff took no action to obtain Defendants' initial disclosures for at least one year after the deadline for disclosure had passed.

Plaintiff represents that when her counsel discovered the absence of initial disclosures, "[c]ounsel emailed [Defendants' counsel] to try and get the depositions set of the Defendants before close of business May 1, 2025 and to request the missing Rule 26 disclosures." Doc. No. 42, at 2. While Plaintiff's counsel was preparing a motion to compel the initial disclosures, Defendants served them. *Id.* Plaintiff claims severe prejudice due to Defendants' belated initial disclosures, based on the fact that discovery has now closed, and Plaintiff was unable to schedule Defendants' depositions before the close of discovery. *Id.*, at 3. Plaintiff requests sanctions in the form of exclusion of the initial disclosures and attorney's fees. *Id.*

In response, Defendants' counsel falls on his sword and admits the inadvertent failure to timely make initial disclosures. Doc. No. 43. Defendants oppose any sanctions, however, arguing that Plaintiff should not be rewarded for making no attempt to obtain the initial disclosures for over a year, the initial disclosures were served on Plaintiff before the present motion was filed, and that

- 2 -

any prejudice to Plaintiff is of her own doing as she has wholly failed to engage in any discovery since the inception of this case. *Id.*, at 2; *see also* Doc. No. 40 (Plaintiff's motion to extend the discovery deadlines, in which counsel admits to focusing on discovery in another case and not even attempting to schedule any depositions until March 2025).

Upon consideration, while the Court does not excuse Defendants' belated disclosures, the Court overall agrees that sanctions are not warranted. Simply put, Plaintiff waited a full year after the initial disclosures deadline to seek any relief, and did not file the present motion until the day before the close of discovery, and admittedly only after Plaintiff's request to extend the discovery deadline was denied. Thus, any prejudice is of Plaintiff's own making, and does not justify sanctions, most certainly not the requested extreme sanction of excluding Defendants' initial disclosures. *Cf. Branch Banking & Tr. Co. v. Shirley Inv. Props., LLC*, No. 8:13-cv-528-T-23MAP, 2013 WL 12158612, at *1 (M.D. Fla. Nov. 25, 2013) (denying motion to compel where defendants waited two months after plaintiff responded to discovery to file the motion, and the motion was filed on the discovery deadline).

Accordingly, Plaintiff's Motion for Sanctions (Doc. No. 42) is **DENIED**. The Court reminds all parties of their obligation to pay close attention to all applicable

Federal Rules of Civil Procedure, Local Rules, and Court Orders – in particular scheduling deadlines. *See* Doc. No. 17.

**DONE** and **ORDERED** in Orlando, Florida on May 6, 2025.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties